# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LATROY MELVIN MIDDLEBROOK,<br>            Appellant, | DOCKET NUMBER<br>PH-315H-16-0053-I-1 |
| v. | |
| SOCIAL SECURITY<br>    ADMINISTRATION,<br>            Agency. | DATE: September 22, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>LaTroy Melvin Middlebrook</u>, Annapolis, Maryland, pro se.

<u>Daniel Hutman</u> and <u>Michael Davio</u>, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The agency appointed the appellant to the competitive-service position of GS‑7 IT (Information Technology) Specialist on October 5, 2014, subject to a 1‑year probationary period.  Initial Appeal File (IAF), Tab 4 at 22.  The agency terminated him on September 25, 2015.  *Id.* at 13-16.  The appellant, who is preference eligible, filed this appeal challenging his termination.  IAF, Tab 1, Tab 4 at 16, Tab 6 at 33‑34.

¶3        After considering the pleadings, the administrative judge issued an initial decision dismissing the appeal without holding the appellant's requested hearing.  IAF, Tab 1 at 3, Tab 7, Initial Decision (ID).  He found that the appellant failed to raise nonfrivolous allegations of Board jurisdiction over his probationary termination.  ID at 3-4.  The initial decision, which was issued on February 29, 2016, became final on April 4, 2016.  ID at 1, 4.

¶4        The appellant filed a petition for review on May 1, 2016.  Petition for Review (PFR) File, Tab 1.  On review, he reargues the merits of his initial appeal and claims that his petition was timely filed on April 4, 2016.  PFR File, Tab 1 at 4.  The agency has responded to the petition for review, arguing that it was untimely filed without good cause shown, or alternatively, that the Board should affirm the initial decision.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review is dismissed is untimely filed.

¶5        Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  5 C.F.R. § 1201.114(e).  The

appellant does not claim that he received the initial decision more than 5 days after it was issued. PFR File, Tab 1 at 3. Further, because the appellant was an e-filer, he is deemed to have received the initial decision on the date of electronic submission, February 29, 2016. IAF, Tab 1 at 3, Tab 8; *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(m)(2). Therefore, his petition for review was due by April 4, 2016.

¶6        The appellant argues that he submitted his petition for review on the due date. PFR File, Tab 1 at 4. The Board's records show that the appellant logged into the e−Appeal Online system on April 4, 2016, but did not start or submit any pleadings. On April 13, 2016, the appellant logged into the system twice to change his filing status, but again did not begin or submit any pleadings. He did not file his petition for review until May 1, 2016. PFR File, Tab 1. Therefore, his petition for review was 27 days late.

¶7        The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8        The appellant has not explained his filing delay, other than to express his belief, as indicated above, that he filed his petition for review on the due date. PFR File, Tab 1 at 4. Therefore, he has not shown good cause for his filing delay. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014).

¶9    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the termination.

We forward the appellant's potential Veterans Employment Opportunities Act of 1998 (VEOA) and Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claims for docketing as a new appeal.

¶10    The appellant, both in the initial appeal and on petition for review, has alleged that he did not receive the leave and type of appointment to which he was entitled based on his military service and that he was discriminated against due to his status as a disabled veteran. IAF, Tab 1 at 2, 6, 8, 14, Tab 6 at 15; PFR File, Tab 1 at 4, 19.

¶11    When an appellant raises a claim in an appeal either by checking the appropriate box in an appeal form, identifying an affirmative defense by name, such as "race discrimination," "harmful procedural error," etc., or by alleging facts that reasonably raise such a claim, the administrative judge must address the claims in any close of record order or prehearing conference summary and order. *Gath v. U.S. Postal Service*, 118 M.S.P.R. 124, ¶ 11 (2012). Furthermore, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)). The administrative judge did not address the appellant's potential USERRA or VEOA claims during the initial appeal and did not provide the appellant with the appropriate jurisdictional standards.

¶12    To establish Board jurisdiction over a VEOA veterans' preference claim, an appellant must (1) show that he exhausted his remedy with the Department of Labor and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after

the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a)(1)(A), (d); *Abrahamsen v. Department of Veterans Affairs*, 94 M.S.P.R. 377, ¶ 6 (2003).

¶13     To establish Board jurisdiction over a USERRA discrimination appeal, an appellant must allege that:  (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.   38 U.S.C. §§ 4311(a), 4324(b); *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 7 (2010).

¶14     Because the appellant has raised what appear to be VEOA and USERRA claims, we forward them to the regional office for docketing as a new appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 		_____
				Jennifer Everling
				Acting Clerk of the Board

Washington, D.C.